UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: FF ACQUISITION CORP. D/B/A FLEXIBLE-FLYER    CASE NO. 05-16187-DWH

DAVID ANGLES, ET. AL.    PLAINTIFFS

VERSUS    ADV. PROC. NO. 07-1193-DWH

FLEXIBLE FLYER LIQUIDATING TRUST, f/k/a
FF ACQUISITION CORP., d/b/a FLEXIBLE-FLYER    DEFENDANT

OPINION

On consideration before the court is a Motion for Summary Judgment filed by the plaintiffs; a response to said motion having been filed by the defendant, Flexible Flyer Liquidating Trust, f/k/a FF Acquisition Corp, d/b/a Flexible Flyer, (hereinafter "Flexible Flyer"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

Flexible Flyer manufactured swing sets, hobby horses, go-carts, utility vehicles, fitness equipment, and related products that were sold to Wal-Mart, Toys-R-Us, K-Mart, Sam's Club, as well as, other large and small retailers. Flexible Flyer enjoyed long term relationships with most of its customers, who would make purchases through written orders or, on occasion, through verbal orders.

The operating capital needs of Flexible Flyer were obtained through a factoring arrangement with CIT Group Commercial Systems, LLC, (hereinafter "CIT"), which purchased Flexible Flyer's eligible accounts receivable. CIT would advance Flexible Flyer eighty percent of the eligible receivables that it acquired, and then collect the receivables. CIT charged interest on the advances, and, once a receivable was collected, CIT retained twenty percent of the collected funds and gave Flexible Flyer credit for the balance. The factoring arrangement with CIT, plus infusions of capital from Cerberus Corporation, Flexible Flyer's parent company, were Flexible Flyer's primary sources of operating funds for approximately five years.

In calendar year 2005, Flexible Flyer began experiencing financial problems. In April, the go-cart employees were informed that the go-cart line might be eliminated. In June, Flexible Flyer's go-carts were subjected to a substantial recall due to defective ball joints. During this same time, three of Flexible Flyer's major customers decided to defer purchasing $5,000,000 in swing sets. Another customer Tractor Supply, began withholding payments for merchandise that had already been shipped.

CIT and Cerberus constantly monitored Flexible Flyer's financial and operational performance. Within weeks prior to Flexible Flyer's filing its bankruptcy petition, CIT reduced its advance rate on receivables to fifty percent and, immediately prior to filing, cut the rate to zero, effectively terminating the factoring arrangement. Cerberus refused to infuse any additional capital into the business due to a lack of written commitments from Flexible Flyer's customers. With no sources of working capital, Flexible Flyer was compelled to file for bankruptcy protection on September 9, 2005. On this same date, Flexible Flyer provided notice that it was

ceasing operations pursuant to the Worker Adjustment and Retraining Notification Act (hereinafter "WARN Act").

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

The plaintiffs allege that Flexible Flyer failed to comply with the WARN Act by failing to give its employees a sixty day layoff notice as required by 28 U.S.C. §2102. It is undisputed that the provisions of the WARN Act were triggered. There were more than 100 employees at the time of the plant closing on September 9, 2005, (28 U.S.C.A. §2101), and Flexible Flyer admits that it failed to give a sixty day written layoff notice. In its answer to the complaint, Flexible Flyer asserts the following primary defenses for its failure to give the sixty day notice, to-wit: 1) unforseen business circumstances; 2) the faltering company exception; and 3) that it gave as much notice as it possibly could under the circumstances.

As to the unforeseen business circumstances exception to the requirement of a sixty day written layoff notice, the employer must show, 1) the circumstances were unforeseeable, and 2) the layoffs were caused by those circumstances. *See, Roquet v. Arthur Anderson, LLP*, 398 F.3d 585, 588 (7th Cir. 2005). In this proceeding, whether or not the circumstances that caused the shutdown of Flexible Flyer were foreseeable is a disputed factual issue. The plaintiffs contend that the plant shutdown was foreseeable for the following reasons: 1) from the beginning of Flexible Flyer's business, it was in a deficit position that steadily increased yearly; 2) Flexible Flyer knew as early as the spring of 2005 that layoffs could occur because it informed its go-cart employees of possible layoffs during that same year; 3) in the spring of 2005, Wal-Mart, K-Mart and Toys-R-Us deferred purchasing swing sets valued at approximately five million dollars; 4) go-carts were recalled in June, 2005; 5) Cerberus warned that it would close Flexible Flyer if it did not make a profit; and 6) Flexible Flyer knew that CIT would terminate the factoring

arrangement because of the go-cart recall along with the other losses that Flexible Flyer was experiencing.

To the contrary, Flexible Flyer takes the position, as set out in the affidavit of Mike Earrey, Flexible Flyer's Chief Financial Officer, that the reduction by CIT of its advance rate to fifty percent and then, immediately thereafter, to zero was the unforeseen circumstance that primarily caused the plant's closing. Flexible Flyer also contends that it was completely unforeseeable, based on past experience, that Cerberus would refuse to supply additional capital infusions.

As to the "faltering company" exception, there are also disputed factual issues. The Department of Labor regulation that interprets the "faltering company" exception lists four requirements that must be established by the employer to establish the exception, to-wit: 1) the employer must have been actively seeking capital at the time the sixty day notice would have been required; 2) the employer had a realistic opportunity to obtain the financing sought; 3) the financing would have been sufficient, if obtained, to enable the employer to avoid or postpone the shutdown; and 4) the employer reasonably and in good faith believed the sixty day notice would have precluded it from obtaining financing. 20 C.F.R. §639.9(a). The plaintiffs argue that Flexible Flyer cannot meet any of these four elements, while Flexible Flyer contends that it meets each one. Needless to say, evidence must be presented at trial to resolve these conflicting positions.

Because there are obviously material factual issues remaining in dispute, the motion for summary judgment is not well taken and will be overruled by a separate order to be entered contemporaneously herewith.

This the 20th day of January, 2010.

                                          /s/ David W. Houston, III
                                        DAVID W. HOUSTON, III
                                        UNITED STATES BANKRUPTCY JUDGE