IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID ANGLES, ET AL.                                                APPELLANTS

V.                                                          CAUSE NO.: 1:11CV031-SA

FLEXIBLE FLYER LIQUIDATING TRUST,
f/k/a FF ACQUISITION CORP., d/b/a FLEXIBLE-FLYER                      APPELLEES

ORDER ON APPEAL

Appellants appeal the summary judgment determinations and bench trial findings of the

Bankruptcy Court. This Court's jurisdiction is predicated on its authority to hear such appeals as

provided by 28 U.S.C. Section 158.[1] After reviewing the briefs, rules, prior record, and authorities,

the Court finds as follows:

*Factual and Procedural Background*

FFAC, a subsidiary of Cerberus Capital, manufactured swing sets, hobby horses, go-carts,

and utility vehicles in West Point, Mississippi. The products were then sold to Wal-Mart, Toys-R-

Us, K-Mart, Sam's Club, Tractor Supply, as well as other retailers.

FFAC contracted with CIT Group Commercial Systems, LLC, (CIT), to handle its accounts

receivable. In effect, the agreement operated as a line of credit worth eighty percent of the

receivables delegated to CIT to collect for FFAC. Undisputedly, FFAC operated at a deficit.

Cerberus infused up to $109 million to keep FFAC afloat from 2000 through 2005. At the time

FFAC filed bankruptcy, its deficit was approximately $60 -$70 million.

---

[1]Title 28 U.S.C. § 158(a) provides:

The district courts of the United States shall have jurisdiction to hear appeals (1)
from final judgments, orders, and decrees; (2) from interlocutory orders and
decrees issued under section 1121(d) of title 11 . . . ; and (3) with leave of the
court, from other interlocutory orders and decrees . . . .

In the Spring of 2005, several vendors refused to buy $5 - $6 million of FFAC's inventory. Another vendor withheld payments around this same time. In June, FFAC recalled all of its go-carts. Adding to FFAC's financial difficulties, CIT abruptly cut FFAC's line of credit from eighty percent to fifty percent, then less than two weeks later, cut the credit line to zero. Cerberus made the decision to stop funding FFAC and ordered FFAC to shut down its facilities the first week of September, 2005.

FFAC filed bankruptcy on September 9, 2005, and gave a Worker Adjustment and Retraining Notification Act (WARN) notice to all employees the same day. It is undisputed that the provisions of the WARN Act were triggered, i.e., there were more than one hundred employees at the time of the plant closing, and FFAC failed to give a sixty day written layoff notice.

Appellants are a group of over one hundred former employees of FFAC, who filed an adversary action in the Bankruptcy Court over FFAC's failure to give them the sixty-day layoff notice required under the WARN Act. At the conclusion of discovery, those plaintiffs moved for summary judgment, which the Bankruptcy Judge denied. A bench trial was held and the trial judge found in favor of FFAC that at least one exception to the WARN Act applied, thereby excusing their failure to give sixty days notice prior to layoff. The former employees now bring the following points for the district court's review:

(1) Did the trial court err in denying Appellant's motion for summary judgment?

(2) Did the trial court err in finding that the unforeseen business circumstances exception of the WARN Act applied?

(3) Did the trial court err in finding that the faltering company exception of the WARN Act applied?

(4) Did the trial court err in finding Appellee gave a WARN notice as soon as it possibly could?

2

*Standard of Review*

In a bankruptcy appeal,

the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo.

In re Chesnut, 422 F.3d 298, 301 (5th Cir. 2005); In re Evert, 342 F.3d 358, 363 (5th Cir. 2003)

(citing Matter of Midland Indus. Service Corp., 35 F.3d 164, 165 (5th Cir. 1994)); In re Pequeno,

126 F. App'x 158, 162 (5th Cir. 2005). In particular, rulings on summary judgment are reviewed de

novo.  See In re Contractor Technology, Ltd., 376 B.R. 156, 159 (S.D. Tex. 2007) (citing In re Ark-

La-Tex Timber Co., Inc., 482 F.3d319, 328 (5th Cir. 2007)).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."

Ark-La-Tex, 482 F.3d at 328 (citing FED. R. CIV. P. 56(c)). Facts and inferences reasonably drawn

from those facts should be taken in the light most favorable to the non-moving party. Id. at 329

(citing Duckett v. City of Cedar Park, 950 F.2d 272, 276 (5th Cir. 1992)). "If the non-moving party

fails to present evidence on an essential element of that party's case on which that party has the

burden of proof, there can be no genuine issue of material fact." In re Contractor Technology, Ltd.,

376 B.R. at 158-59; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d

265 (1986). "If the moving party meets the initial burden of showing there is no genuine issue of

material fact, the burden shifts to the non-moving party to produce evidence or designate specific

facts showing the existence of a genuine issue for trial." Ark-La-Tex, 482 F.3d at 329 (citing Allen

v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).

3

*Discussion and Analysis*

Appellants sought summary judgment on the basis that FFAC failed to give adequate WARN notice and did not qualify for an exception to the rule.

The purpose of the WARN Act is to ensure that workers and their communities receive advance notice of their loss of employment so that they may begin the search for other employment or, if necessary, obtain training for another occupation. 20 C.F.R. § 639.1(a). Employers are therefore required to give written notice of an impending plant closing or mass layoff no less than sixty days before the action is taken. 29 U.S.C. § 2102(a).

An employer may give less than sixty days notice if the plant closing or mass layoff was due to business circumstances which were not reasonably foreseeable at the time notice would have been required. 29 U.S.C. § 2102(b)(2)(A); Jurcev v. Central Comm. Hosp., 7 F.3d 618, 623 (7th Cir. 1993). According to the Department of Labor regulations, an unforeseeable circumstance is "caused by some sudden and unexpected action or condition outside the employer's control." Carpenters Dist. Council v. Dillard Dept. Store, 15 F.3d 1275, 1281-82 (5th Cir. 1994) (citing 20 C.F.R. § 639.9(b)(2)).

Appellants argued against application of the unforeseen business circumstances because, they asserted, FFAC's loss of capital funding was not unforeseeable. Citing Cerberus' prior warnings of shutdown unless FFAC turned a profit, as well as its vendors' refusal to accept inventory, and the go-cart recall in June of 2005, the former employees argued that there was no genuine issue of material fact that the shutdown was foreseeable. The Appellants further argued that "[e]ven if Cerberus would not have closed them down, it was evident that CIT was going to withdraw its advances in the near future because of the go-cart recall in June 2005 along with the other losses for

4

the year."

The Bankruptcy Court found that there were genuine issues of material fact as to whether or not the circumstances that caused the shutdown of Flexible Flyer were foreseeable or not. The court noted that FFAC's Chief Financial Officer, Mike Earrey, by affidavit, averred that CIT withdrawing its advance rate from eighty percent to fifty percent, and then to zero was the primary unforeseen circumstance that caused the plant's closing. Moreover, Earrey declared that Cerberus' refusal to supply additional capital infusions was unforeseeable due to past experience.

The Bankruptcy Court properly found factual disputes in the summary judgment record as to whether or not the circumstances causing the shutdown of the FFAC plant were foreseeable or not. Summary judgment as to this point was, therefore, not proper, and the Bankruptcy Court's decision is affirmed.

The "faltering company" exception allows an employer to shutdown a single site of employment before the conclusion of the sixty day period

> if as of the time that notice would have been required the employer was actively seeking capital or business which, if obtained, would have enabled the employer to avoid or postpone the shutdown and the employer reasonably and in good faith believed that the giving the notice required would have precluded the employer from obtaining the needed capital or business.

29 U.S.C. § 2102(b)(1). This exception applies only when a layoff is caused by the employer's failure to obtain sufficient capital. See Carpenters Dist. Council, 15 F.3d at 1281 (citing 54 Fed. Reg. 16061 (April 20, 1989) ("The need for notice will only be triggered if the employer fails to obtain the business or financing it seeks.")).

The notice period may also be reduced if at the time notice was required the employer was actively seeking capital or business to keep the installation open and reasonably believed his chances

of success in that endeavor would be hindered by notification of layoffs or a closing. 29 U.S.C. § 2102(b)(1); Carpenters Dist. Council, 15 F.3d at 1281. Even when an employer qualifies for one of these exceptions, the WARN Act requires that it give notice "as soon as practicable." 29 U.S.C. § 2102(b)(3); 20 C.F.R. § 639.9.

Appellants assert that because FFAC was not actively seeking additional financing, it cannot qualify for the faltering company exception to the WARN Act. Further, Appellants note that FFAC had no reasonable opportunity to obtain additional financing: its own parent company threatened to shut it down two to three times a year for the past five years, CIT was lowering its credit rating, and its own customers were refusing to remit payment to FFAC.

The Bankruptcy Court found disputed factual issues regarding whether FFAC could meet the four elements required to prove it qualified for the faltering business exception to WARN. The Court finds no fault with the Bankruptcy Court's determination to further develop the record in order to make factual determinations as to the exceptions.

Appellants additionally asserted that FFAC did not give notice as soon as it possibly could. Citing evidence that FFAC contacted its bankruptcy counsel one month prior to filing bankruptcy, and even transferred a retainer in preparation of the bankruptcy filing, Appellants assert that FFAC could have reasonably given notice more than a month prior to the closing.

While the Bankruptcy Court did not explicitly address FFAC's failure to give notice sooner, the Court agrees that summary judgment overall was proper in this instance. Thus, the Bankruptcy Court's denial of Appellant's motion for summary judgment is affirmed.

After a bench trial held in this case, the Bankruptcy Court made findings of fact and conclusions of law of which the Appellants now appeal. The Bankruptcy Court, in a very thorough

and well-reasoned opinion, laid out the elements and requirements for both the unforeseen business circumstances and faltering company exceptions. The court noted that in the proceeding, "whether or not the circumstances that caused the shutdown of Flexible Flyer were foreseeable was vigorously contested." The opinion concluded by acknowledging that "while the unforeseen business circumstances exception and the faltering company exception both have application to this proceeding, the unforeseen business circumstances exception is by far the most compelling." The court cited Mike Earrey's testimony that as of July 2005, there was no thought that there would be a complete shutdown of the facilities, he contemplated an orderly downsizing of the business over time, not an immediate shutdown, the termination of financing from both CIT and Cerberus was "completely unanticipated," and the "abrupt unavailability of operating funds caused the layoffs." Moreover, the court found that the shutdown of the FFAC facilities and mass layoffs were "not planned, proposed, or foreseeable." Further, "a WARN Act notice on the same date that it filed its bankruptcy petition . . . was the earliest practical date that such a notice could be provided."

The Court affirms the Bankruptcy Court's findings of fact and conclusions of law. After reviewing the record, the factual determinations made by the court were not clearly erroneous, and the legal conclusions were thorough and correct.

Accordingly, the Bankruptcy Order is AFFIRMED, and this appeal is DISMISSED.

SO ORDERED, this the 30th day of March, 2012.

                                          /s/ Sharion Aycock
                                          **U.S. DISTRICT JUDGE**

7